UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:24-cv-01989-SSS-SHKx | Date | September 25, 2024 |
|---|---|---|---|
| Title | *Delon Johns v. Denis McDonough* | | |

Present: The Honorable **SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE**

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER to Show Cause Why This Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

Plaintiff Delon Johns filed a lawsuit alleging she was subjected to sexual discrimination and harassment while working for the Department of Veterans Affairs. [*See generally* Dkt. 1].

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The party asserting jurisdiction bears the burden of showing subject matter jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

//
//
//

Here, Delon fails to allege this Court has either federal question jurisdiction or diversity jurisdiction. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction. The response must not exceed 10 pages, and it is due by **October 18, 2024**. A hearing is set on this matter on **October 25, 2024, at 1:00 p.m. via Zoom videoconference**.

**IT IS SO ORDERED.**